UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ELEANOR BASORA-JACOBS,

                                        Plaintiff,

                    v.

CEO ARTHUR PALEVSKY; D.O. AVA
MORGAN; PAT PERKINS; LINDA
SCHNABEL, AC; MGR. GREG
DEFRANCESO; MICHAEL GARCIA,

                                        Defendants.

---

NOT FOR PUBLICATION


MEMORANDUM AND ORDER

20-CV-1675 (LDH)(LB)

LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Eleanor Basora-Jacobs, proceeding pro se, brings an employment discrimination and retaliation action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.[1] (Compl., ECF No. 1.)  Plaintiff's April 1, 2020 motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) is granted.  (Pl.'s Leave Mot., ECF No. 2.)

## BACKGROUND[2]

      Plaintiff is female and Hispanic.  (Compl. at 5.)  She is a former employee of Independent Living Association in Brooklyn.  (Id. at 3.)  Plaintiff "charge[s] Defendants with unlawful discriminatory practice relating to their employment based on race, national origin and retaliation" between July 2016 and March 2018.  (Id. at 4-5.)  She alleges that "staff spoke other language against company policy in front of clients and their parents" and that her employment was terminated.  (Id. at 4.)  Plaintiff alleges no other specific facts in support of her discrimination and retaliation claims.  She names the Arthur Palevsky, CEO and Ava Morgan,

---

[1] The complaint is dated March 21, 2020, was mailed on March 25, 2020, and was received on April 1, 2020.
[2] The following facts are taken from the complaint and are assumed true for the purposes of this memorandum and order.

the Director of Operations and four other employees of Independent Living Association as Defendants.[3]   (*Id.* at 1-3.)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct.  *Id.*  While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss.  *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999).  Instead, "the [C]ourt must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the [C]ourt must accept the factual allegations of the complaint as true."  *Id.* (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest."  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).  This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

---

[3] Plaintiff named the four employee Defendants in the case caption, but only referred to Palevsky and Morgan in the body of her complaint.  (*Id.* 1-2.)

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   Under 28 U.S.C. § 1915A(a), a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## DISCUSSION

**I.     Individual Liability**

Title VII makes it unlawful to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). "[I]ndividuals are not subject to liability under Title VII." *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000). Accordingly, Plaintiff's Title VII causes of action are dismissed *sua sponte* as to the individual Defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(ii) (permitting the district to dismiss an *in forma pauperis* action where it "fails to state a claim on which relief may be granted"); *see also Saunders v. N.Y. City Dep't of Educ.*, 07–CV–2725, 2010 WL 331679 at *8 (E.D.N.Y. Jan. 19, 2010) (dismissing plaintiff's Title VII claims *sua sponte* against individual defendants because "individuals are not subject to liability under those statutes and any 'official capacity' claim would be redundant to plaintiff's claims against [the public entity]").

**II.    Sufficiency of Title VII Claim**

The complaint does not list Plaintiff's employer as a defendant in the case caption. However, even if it did, the complaint does not state sufficient facts to support a Title VII claim

3

against Plaintiff's employer.  "A plaintiff asserting a Title VII discrimination claim must allege facts showing that "(1) the employer took adverse action against h[er] and (2) h[er] race, color, religion, sex or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015).   A plaintiff can make such a showing "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."  *Id.* at 87;  *see also Littlejohn v. City of N.Y.*, 795 F.3d 297, 310 (2d Cir. 2015) (explaining that an employment discrimination complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face).

In the employment discrimination complaint form, Plaintiff checked the "race" and "gender/sex" boxes, and provides that she is Hispanic and female.  (Compl. at 5.)  However, she did not allege any facts suggesting that her termination or retaliation was done "at least, in part, for a discriminatory reason." *Vega*, 801 F.3d at 87.  Accordingly, her Title VII claim is dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is DISMISSED for failure to state a claim.  The Court grants Plaintiff leave to file an amended complaint against her former employer, the Independent Living Association, Inc., within thirty (30) days.  If Plaintiff decides to file an amended complaint, it should name the former employer as the defendant, be titled "AMENDED COMPLAINT" and bear the same docket number as this order, 1:20-CV-1675 (LDH)(LB).  Any amended complaint must include facts in support of such a claim.  Any amended complaint will replace the original complaint and must stand on its own without reference to the original complaint.  Failure to file an amended complaint within 30 days will result in dismissal of this case.

No summons shall be issued at this time and all further proceedings shall be stayed for 30 days or until further order of the Court.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this memorandum and order to the pro se litigant, and include a form complaint for employment discrimination.

SO ORDERED.

Dated: Brooklyn, New York  
     July 9, 2020

/s/ LDH_____  
LaSHANN DeARCY HALL  
United States District Judge